Fred W. Schwinn (SBN 225575)
CONSUMER LAW CENTER, INC.
12 South First Street, Suite 416
San Jose, California 95113-2404
Telephone Number: (408) 294-6100
Facsimile Number: (408) 294-6190
Email Address: fred.schwinn@sjconsumerlaw.com

Attorney for Plaintiff
MARY GARCIA HERNANDEZ

ORIGINAL
FILED

07 JUN 18  AM II: 19

RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

ADR

PVT

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| MARY GARCIA HERNANDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>UNIVERSAL FIDELITY, L.P., a Texas limited partnership, TWS INTERESTS, LLC, a Texas limited liability company, TERRY W. SIMONDS, individually and in his official capacity, YVONNE D. SIMONDS, individually and in her official capacity, and JOHN LEE JACKSON, individually and in his official capacity,<br><br>        Defendants. | Case No. C07 03189 JW<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>15 Unites States Code § 1692 *et seq.*<br>California Civil Code § 1788 *et seq.* |

Plaintiff, MARY GARCIA HERNANDEZ, based on information and belief and investigation of counsel, except for those allegations which pertain to the named Plaintiff or her attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

## I. INTRODUCTION

1.    This is an action for statutory damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq.* (hereinafter "RFDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

/ / /

## II.  JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## III.  VENUE

4.      Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.  Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that the Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## IV.  INTRADISTRICT ASSIGNMENT

5.      This lawsuit should be assigned to the San Jose Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in Santa Clara County.

## V.  PARTIES

6.      Plaintiff, MARY GARCIA HERNANDEZ (hereinafter "Plaintiff"), is a natural person residing in Santa Clara County, California.  Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

7.      Defendant, UNIVERSAL FIDELITY, L.P. (hereinafter "UNIVERSAL"), is a Texas limited partnership engaged in the business of collecting debts in this state with its principal place of business located at:  1445 Langham Creek Drive, Houston, Harris County, Texas  77084-5012.  UNIVERSAL may be served as follows:  Universal Fidelity, L.P., c/o Terry W. Simonds, Registered Agent, 1445 Langham Creek Drive, Houston, Harris County, Texas  77084-5012.  The principal business of UNIVERSAL is the collection of debts using the mails and telephone, and UNIVERSAL regularly attempts to collect debts alleged to be due another.  UNIVERSAL is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

8.    Defendant, TWS INTERESTS, LLC (hereinafter "TWS"), is a Texas limited liability company and the general partner of UNIVERSAL with its principal place of business located at:  1445 Langham Creek Drive, Houston, Harris County, Texas  77084-5012.  TWS may be served as follows:  TWS Interests, LLC, c/o Terry W. Simonds, Registered Agent, 1445 Langham Creek Drive, Houston, Harris County, Texas  77084-5012.  The principal business of TWS is the collection of debts using the mails and telephone, and TWS regularly attempts to collect debts alleged to be due another.  TWS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

9.    Defendant, TERRY W. SIMONDS (hereinafter "TERRY SIMONDS"), is a natural person and is or was an employee, agent, officer and/or director of UNIVERSAL and TWS at all relevant times.  TERRY SIMONDS may be served at his current business address at:  Terry W. Simonds, Universal Fidelity, L.P., 1445 Langham Creek Drive, Houston, Harris County, Texas 77084-5012.  TERRY SIMONDS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that TERRY SIMONDS is liable for the acts of UNIVERSAL and TWS because he sets and approves UNIVERSAL and TWS collection policies, practices, procedures and he directed the unlawful activities described herein.

10.    Defendant, YVONNE D. SIMONDS (hereinafter "YVONNE SIMONDS"), is a natural person and is or was an employee, agent, officer and/or director of UNIVERSAL and TWS at all relevant times.  YVONNE SIMONDS may be served at her current business address at: Yvonne D. Simonds, Universal Fidelity, L.P., 1445 Langham Creek Drive, Houston, Harris County, Texas  77084-5012.  YVONNE SIMONDS is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that YVONNE SIMONDS is liable for the acts of UNIVERSAL and TWS because she sets and approves UNIVERSAL and TWS collection policies, practices, procedures and she directed the unlawful activities described herein.

11.    Defendant, JOHN LEE JACKSON (hereinafter "JACKSON"), is a natural person and is or was an employee, agent, officer and/or director of UNIVERSAL and TWS at all

1  relevant times.  JACKSON may be served at his current business address at:  John Lee Jackson,

2  Universal Fidelity, L.P., 1445 Langham Creek Drive, Houston, Harris County, Texas  77084-5012.

3  JACKSON is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code

4  § 1788.2(c).  Plaintiff is informed and believes, and thereon alleges that JACKSON is liable for the

5  acts of UNIVERSAL and TWS because he sets and approves UNIVERSAL and TWS collection

6  policies, practices, procedures and he directed the unlawful activities described herein.

7        12.    At all times herein mentioned, each of the Defendants was an officer, director,

8  agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said

9  times, each Defendant was acting in the full course and scope of said office, directorship, agency,

10  service, employment and/or joint venture.  Any reference hereafter to "Defendants" without further

11  qualification is meant by Plaintiff to refer to each Defendant, and all of them, named above.

12                    **VI.  FACTUAL ALLEGATIONS**

13        13.    On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred

14  a financial obligation that was primarily for personal, family or household purposes, namely a

15  consumer credit card issued by JC Penny and bearing the account number XXXXXXXXXXX2800

16  (hereinafter "the alleged debt").  The financial obligation alleged to be owed to JC Penny by Plaintiff

17  is a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is

18  defined by Cal. Civil Code § 1788.2(f).

19        14.    Sometime thereafter, on a date unknown to Plaintiff, the alleged debt was

20  consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

21        15.    Thereafter, Defendants sent a collection letter (Exhibit "1") to Plaintiff which

22  is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23        16.    A true and accurate copy of the first collection letter from Defendants to

24  Plaintiff is attached hereto, marked Exhibit "1," and by this reference is incorporated herein.

25        17.    The first collection letter (Exhibit "1") is dated March 29, 2007.

26        18.    The first collection letter (Exhibit "1") was sent in an envelope on which a

27  postage meter stamp dated March 29, 2007, was imprinted.

28        19.    Plaintiff is informed and believes, and thereon alleges that Defendants

1    deposited the envelope containing the first collection letter (Exhibit "1") in the United States Mail

2    on or about March 29, 2007.

3           20.    Plaintiff received the envelope containing the first collection letter (Exhibit

4    "1") from Defendants on or after March 30, 2007.

5           21.    The collection letter (Exhibit "1") was Defendants' first written notice

6    initially addressed to Plaintiff in connection with collecting the debt alleged to be owed to JC Penny.

7           22.    On or about April 12, 2007, Plaintiff mailed a letter to Defendants which

8    stated: "please be advised that I dispute this debt and refuse to pay."

9           23.    A true and accurate copy of Plaintiff's letter disputing the alleged debt and

10   refusing to pay the alleged debt is attached hereto, marked Exhibit "2," and by this reference is

11   incorporated herein.

12          24.    Defendants received Plaintiff's letter disputing the alleged debt and refusing

13   to pay the alleged debt (Exhibit "2") on or about April 14, 2007.

14          25.    A true and accurate copy of the USPS Tracking Report and Certified Mail

15   Return Receipt evidencing Defendants' receipt of Plaintiff's letter disputing the alleged debt and

16   refusing to pay the alleged debt (Exhibit "2") is attached hereto, marked Exhibit "3," and by this

17   reference is incorporated herein.

18          26.    After receiving Plaintiff's letter disputing the alleged debt (Exhibit "2"),

19   Defendants continued their collection efforts without first obtaining and mailing Plaintiff a

20   validation of the debt being collected.

21          27.    After receiving Plaintiff's letter notifying Defendants of her refusal to pay the

22   alleged debt (Exhibit "2"), Defendants continued to communicate with  Plaintiff in an attempt to

23   collect the alleged debt.

24          28.    Thereafter, Defendants sent a second collection letter (Exhibit "4") to Plaintiff

25   which is a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. §

26   1692a(2).

27          29.    A true and accurate copy of the second collection letter from Defendants to

28   Plaintiff is attached hereto, marked Exhibit "4," and by this reference is incorporated herein.

1    30.    The second collection letter (Exhibit "4") is dated April 23, 2007.

2    31.    The second collection letter (Exhibit "4") was sent in an envelope on which

3    a postage meter stamp dated April 24, 2007, was imprinted.

4    32.    Plaintiff is informed and believes, and thereon alleges that Defendants

5    deposited the envelope containing the second collection letter (Exhibit "4") in the United States Mail

6    on or about April 24, 2007.

7    33.    Plaintiff received the envelope containing the second collection letter (Exhibit

8    "4") from Defendants on or after April 25, 2007.

9    34.    The second collection letter (Exhibit "4") displays the facsimile signature of

10    Defendant, JACKSON.

11    **VII.  CLAIMS**

12    **FAIR DEBT COLLECTION PRACTICES ACT**

13    35.    Plaintiff brings the first claim for relief against Defendants under the Federal

14    Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692.

15    36.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

16    34 above.

17    37.    Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. §

18    1692a(3).

19    38.    Defendant, UNIVERSAL, is a "debt collector" as that term is defined by the

20    FDCPA, 15 U.S.C. § 1692a(6).

21    39.    Defendant, TWS, is a "debt collector" as that term is defined by the FDCPA,

22    15 U.S.C. § 1692a(6).

23    40.    Defendant, TERRY SIMONDS, is a "debt collector" as that term is defined

24    by the FDCPA, 15 U.S.C. § 1692a(6).

25    41.    Defendant, YVONNE SIMONDS, is a "debt collector" as that term is defined

26    by the FDCPA, 15 U.S.C. § 1692a(6).

27    42.    Defendant, JACKSON, is a "debt collector" as that term is defined by the

28    FDCPA, 15 U.S.C. § 1692a(6).

1    43.    The financial obligation allegedly owed to JC Penny by Plaintiff is a "debt"

2    as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

3    44.    Defendants have violated the FDCPA in the following respects:

4    a.    Defendants continued to communicate with Plaintiff in an attempt to

5    collect the alleged debt after receiving a written notification that

6    Plaintiff refused to pay the debt being collected, in violation of 15

7    U.S.C. § 1692c(c); and

8    b.    Defendants continued their collection efforts against Plaintiff after

9    receiving a written notification within the thirty-day validation period

10    from Plaintiff disputing the debt being collected in its entirety

11    without first obtaining a verification of the debt and mailing a copy

12    of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b).

13    45.    Defendants' acts as described above were done intentionally with the purpose

14    of coercing Plaintiff to pay the alleged debt.

15    46.    As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an

16    award of statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C.§ 1692k.

17    **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

18    47.    Plaintiff brings the second claim for relief against Defendants under the

19    Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

20    48.    Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through

21    46 above.

22    49.    Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code

23    § 1788.2(h).

24    50.    Defendant, UNIVERSAL, is a "debt collector" as that term is defined by the

25    RFDCPA, Cal. Civil Code § 1788.2(c).

26    51.    Defendant, TWS, is a "debt collector" as that term is defined by the RFDCPA,

27    Cal. Civil Code § 1788.2(c).

28    52.    Defendant, TERRY SIMONDS, is a "debt collector" as that term is defined

1  by the RFDCPA, Cal. Civil Code § 1788.2(c).

2      53.    Defendant, YVONNE SIMONDS, is a "debt collector" as that term is defined

3  by the RFDCPA, Cal. Civil Code § 1788.2(c).

4      54.    Defendant, JACKSON, is a "debt collector" as that term is defined by the

5  RFDCPA, Cal. Civil Code § 1788.2(c).

6      55.    The financial obligation alleged to be owed to JC Penney by Plaintiff is a

7  "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

8      56.    Defendants have violated the RFDCPA in the following respects:

9          a.    Defendants continued to communicate with Plaintiff in an attempt to

10             collect the alleged debt after receiving a written notification that

11             Plaintiff refused to pay the debt being collected, in violation of 15

12             U.S.C. § 1692c(c), as incorporated by Cal. Civil Code § 1788.17; and

13         b.    Defendants continued their collection efforts against Plaintiff after

14             receiving a written notification within the thirty-day validation period

15             from Plaintiff disputing the debt being collected in its entirety

16             without first obtaining a verification of the debt and mailing a copy

17             of such verification to Plaintiff, in violation of 15 U.S.C. § 1692g(b),

18             as incorporated by Cal. Civil Code § 1788.17.

19     57.    Defendants' acts as described above were done willfully and knowingly with

20  the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code §

21  1788.30(b).

22     58.    As a result of Defendants' willful and knowing violations of the RFDCPA,

23  Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars

24  ($100) nor greater than one thousand dollars ($1,000), pursuant to Cal. Civil Code § 1788.30(b).

25     59.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to

26  an award of statutory damages pursuant to 15 U.S.C.§ 1692k(a)(2)(A), as incorporated by Cal. Civil

27  Code § 1788.17.

28     60.    As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to

-8-
COMPLAINT

1   an award of her reasonable attorney's fees and costs pursuant to Cal. Civil Code § 1788.30(c) and

2   15 U.S.C.§ 1692k(a)(3), as incorporated by Cal. Civil Code § 1788.17.

3          61.    Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the

4   RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies

5   that the Plaintiff may have under any other provision of law.

6   **VIII.  REQUEST FOR RELIEF**

7   The Plaintiff requests that this Court:

8   a.    Assume jurisdiction in this proceeding;

9   b.    Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C.

10         §§ 1692c(c) and 1692g(b);

11  c.    Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act,

12         Cal. Civil Code § 1788.17;

13  d.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

14         15 U.S.C. § 1692k(a)(2)(A);

15  e.    Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than

16         $1,000 pursuant to Cal. Civil Code § 1788.30(b);

17  f.    Award Plaintiff statutory damages in an amount not exceeding $1,000 pursuant to

18         15 U.S.C. § 1692k(a)(2)(A), as incorporated by Cal. Civil Code § 1788.17;

19  g.    Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15

20         U.S.C.§ 1692k(a)(3) and Cal. Civil Code §§ 1788.17 and 1788.30(c); and

21  h.    Award Plaintiff such other and further relief as may be just and proper.

22

23                                          CONSUMER LAW CENTER, INC.

24

25  By: /s/ Fred W. Schwinn
                                            Fred W. Schwinn, Esq.
                                            Attorney for Plaintiff
26                                          MARY GARCIA HERNANDEZ

27

28

-9-
COMPLAINT

1

## CERTIFICATION PURSUANT TO CIVIL L.R. 3-16

2          Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3    named parties, there is no such interest to report.

4                                                          /s/ Fred W. Schwinn
                                                          Fred W. Schwinn, Esq.
5

6                                      ## DEMAND FOR JURY TRIAL

7          PLEASE TAKE NOTICE that Plaintiff, MARY GARCIA HERNANDEZ, hereby demands

8    a trial by jury of all triable issues of fact in the above-captioned case.

9

                                                          /s/ Fred W. Schwinn
10                                                        Fred W. Schwinn, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28